```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


STRIKE 3 HOLDINGS, LLC,            )   18-CV-02674(JHR)
                                   )   18-CV-12585(JBS)
                                   )   18-CV-12586(JHR)
                                   )   18-CV-16564(JHR)
         Plaintiff,                )   18-CV-16565(JHR)
                                   )   18-CV-16566(JBS)
                                   )   18-CV-17594(JHR)
    vs.                            )   18-CV-17595(JHR)
                                   )   19-CV-00894(JHR)
                                   )   19-CV-00895(JBS)
JOHN DOE SUBSCRIBER ASSIGNED IP    )   19-CV-14014(JHR)
ADDRESS 73.160.162.60, et al,      )   19-CV-14015(JHR)
                                   )   19-CV-14016(JHR)
                                   )
                                   )   Camden, NJ
         Defendants.               )   July 22, 2020
                                   )   3:30 p.m.


             TRANSCRIPT OF TELEPHONE STATUS CONFERENCE
                BEFORE THE HONORABLE JOEL SCHNEIDER
                  UNITED STATES MAGISTRATE JUDGE



APPEARANCES:


For the Plaintiff:         JOHN C. ATKIN, ESQUIRE
                           THE ATKIN FIRM, LLC
                           55 Madison Avenue
                           Suite 400
                           Morristown, NJ   07960


For the Plaintiff:         LINCOLN BANDLOW, ESQUIRE
                           LAW OFFICES OF LINCOLN BANDLOW
                           1801 Century Park East
                           Suite 2400
                           Los Angeles, CA   90069



Audio Operator:            SARAH ECKERT
```

```
Transcribed by:          DIANA DOMAN TRANSCRIBING, LLC
                         P.O. Box 129
                         Gibbsboro, New Jersey  08026-0129
                         Office:  (856) 435-7172
                         Fax:     (856) 435-7124
                         Email:   dianadoman@comcast.net
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1  (The following telephone conference was held at 3:30
2  p.m.)
3  THE COURT: Okay. This is Judge Schneider. We're
4  on the record in various Strike 3 cases. I know one of the
5  dockets is 18-1425.
6  Counsel, can you just put your appearances on the
7  record, please?
8  MR. ATKIN: Certainly. My name is John C. Atkin
9  from the Atkin Firm, LLC, on behalf of plaintiff, Strike 3
10 Holdings.
11 MR. BANDLOW: And this is Lincoln Bandlow of the Law
12 Offices of Lincoln Bandlow on behalf of Strike 3 Holdings,
13 LLC, as well.
14 THE COURT: Counsel, thank you very much for your
15 comprehensive letter. I received it. I think your suggestion
16 for how to proceed in these cases is generally appropriate. I
17 have a couple of questions and comments, and we can just go
18 through them and then submit the paperwork and I'll execute
19 them. I don't think we're talking about major changes.
20 The first thing I'm going to ask is, we'll -- we'll
21 work out the form of these three documents and I would just
22 ask for logistic purposes, I think it would be easier for you
23 if you could just prepare the orders in each of the cases,
24 submit them on the docket to each of the cases.
25 I check the docket regularly, and if not the next

1  day after the paperwork is filed, it'll be two days after
2  that.  So it would just make it immensely easier.  We're not
3  in the office.  You may not be either.  But you probably have
4  more facilities than we do at this point to prepare the
5  individual orders in each of the cases with the docket number,
6  so I would just ask that.  Okay?
7             MR. ATKIN:  Absolutely, Your Honor.
8             THE COURT:  With regard to the first document, the
9  protective order, it's generally fine.  I would just ask you
10 to add something to the -- let me just pull it up, okay,
11 counsel --
12            MR. ATKIN:  Yes.
13            THE COURT:  -- something to the end of the order
14 which I don't think you'll have a problem with, and it would
15 just make me feel more comfortable.  Bear with me, let me just
16 pull up the docket.
17            MR. BANDLOW:  And, Your Honor, I'm going to try to
18 type everything you tell us as you suggest this, so I'll try
19 to get it down as well as we can.
20            THE COURT:  Okay.  Bear with me.  I might have
21 transferred the --
22            MR. ATKIN:  Would you like me to email it to you,
23 Your Honor?
24            THE COURT:  No, no, no, no.  No, no, no.
25            MR. ATKIN:  Okay, okay.

1  THE COURT: I have it. I'm just looking for the --
2  oh, here it is. Never mind. It'll take a second. I think I
3  said Docket Number 18-1425. I think I was referring to 18-
4  2674. That's the one docket number I have.
5  MR. BANDLOW: I've got that one right in front of
6  me, too. So that's perfect.
7  THE COURT: Yes. Okay. With regard to the
8  protective order, the very -- could you just add a very last
9  paragraph, "And it is further ordered, blah, blah, blah." Let
10 me just read it to you and then --
11 MR. BANDLOW: Sure.
12 THE COURT: -- I can go slower.
13 "For good cause, the Court reserves the right to
14 amend or supplement this order."
15 And I think you'll understand the comment I have
16 when we go a little bit further. So, "And it is further
17 ordered for good cause, the Court reserves the right to amend
18 or supplement this order."
19 MR. BANDLOW: Got it, got it.
20 THE COURT: The second comment, somewhere in the
21 document it talks about discussions about the terms of a
22 discovery confidentiality order. I think you should just use
23 Appendix S. It's the DCO that's been approved by the
24 District. It's been entered in thousands of cases, never had
25 a problem with it, and it'll just save you time negotiating

Case 1:18-cv-12585-NLH-JS   Document 43   Filed 09/02/20   Page 6 of 13 PageID: 1588

                                    Colloquy                                6

1    the terms of a discovery confidentiality order if you just use
2    the order that's approved by the Court and is entered in
3    almost every case.  Okay?
4             MR. ATKIN:  Understood, Your Honor.  Do you want me
5    to remove that provision or --
6             THE COURT:  No, no, no, you don't have to.
7             MR. ATKIN:  -- but I should start the --
8             THE COURT:  But when you enter it, just enter
9    Appendix S.
10            MR. ATKIN:  Understood, Your Honor.
11            THE COURT:  The comment -- the substantive comment,
12   it talks about I think in two places at least, you're not
13   going to have settlement negotiations individually with the
14   subscriber.  It says, "Settlement negotiations shall be under
15   the supervision of the Court."
16            And I'm just not comfortable that we're going to get
17   involved in a settlement conference in every one of these
18   cases with Strike 3 and a pro se defendant possibly.  If
19   there's an attorney, there's no problem.
20            So if hypothetically the situation does come up
21   where, you know, a pro se wants to negotiate a settlement and
22   you're concerned, you want to protect yourself, you can let
23   the Court know.  And more than likely what I would do is say,
24   you know, this is the situation.  I'm not going to hang on
25   this phone call, but if you have any questions, just let me

1    know, blah, blah, blah.  I'm just not anxious to be a
2    participant in the nitty-gritty with all of your negotiations
3    with these pro se parties.
4              So I don't have a problem, if you notify the Court
5    that it's -- it's going to happen, but I'll probably follow it
6    up with an order saying that Strike 3 has leave to negotiate
7    directly with the pro se or something like that.  Okay?
8              MR. ATKIN:  Would you like me to alter that to make
9    that clear or just leave it as is?
10             THE COURT:  I think I --
11             MR. ATKIN:  I understand what you're saying, Your
12   Honor.
13             THE COURT:  You could leave it -- you could leave it
14   as is, counsel, but I'm just telling you what I'm going to do.
15             MR. ATKIN:  That's perfectly sensible.  I was just
16   -- I was trying to be overinquisitive.
17             THE COURT:  Okay.
18             MR. BANDLOW:  Yes.  And this is Lincoln Bandlow.
19   I'll say that the odds that we're ever directly settling or
20   negotiating with a pro se are very rare, very rare.  That
21   rarely happens, so --
22             THE COURT:  Okay.  We'll see what happens.  All
23   right.  So all the documents are filed.  They'll be signed.
24   You get the address from the ISP.  You serve the subpoena.
25   You're going to serve -- just tell me what other documents

1   you're going to serve with the subpoena.
2           MR. ATKIN:  Well, the way these are structured, Your
3   Honor, is that the subpoena will go along with a copy of the
4   protective order and your order allowing the subpoena.  And in
5   theory the ISP should give all of those to the subscriber and
6   let them know that they have 30 days or if Your Honor gives
7   more time, more time to -- to quash.
8           The second level of this would be that if we get the
9   subpoena response and we decide that we want to proceed
10  further and file an amended complaint, the process server
11  would go out with a copy of the protective order and the
12  amended complaint so the subscriber would actually get that
13  protective order twice.
14          THE COURT:  Okay.
15          MR. ATKIN:  We'll give you -- this is how it's
16  drafted.
17          THE COURT:  Right.  I just wanted to make sure that
18  the subscriber is going to get a copy of the protective order.
19  So it sounds like the protective order and the Court's order
20  are going to be attached with the subpoena when it's served.
21          MR. BANDLOW:  Yes, that's correct.
22          MR. ATKIN:  Correct.
23          THE COURT:  Okay.
24          MR. ATKIN:  And with the protective order would also
25  go that note.

|   |   |
|---|---|
| 1 | THE COURT:  Okay.  Those are really all the comments |
| 2 | I have.  I just want to repeat, though, except for that one |
| 3 | case, 18-2674, which is a little bit different I think you |
| 4 | said, in each of the cases I'm going to sign the order, the 4M |
| 5 | order, 120 days, whatever.  The protective order, is there a |
| 6 | third order that's going to be signed in each of the cases? |
| 7 | MR. ATKIN:  Yes.  So for every case except for the |
| 8 | first one we need a protective order, an early discovery order |
| 9 | and a 4M order, so there's three. |
| 10 | THE COURT:  Okay.  So there's three. |
| 11 | MR. ATKIN:  And then for that last case which is |
| 12 | technically the first case, all we're requesting is a |
| 13 | protective order and a 4M order because we already have the |
| 14 | early discovery that's been produced. |
| 15 | THE COURT:  Right.  So if you can just file those |
| 16 | three documents or in that one case, the two documents, in |
| 17 | each of the cases with the docket number, the appropriate |
| 18 | dates, I'll turn it around either the same day or the day |
| 19 | after it's filed.  And I think that -- |
| 20 | MR. ATKIN:  Absolutely can do that, Your Honor. |
| 21 | THE COURT:  -- I think that takes care of all the |
| 22 | issues I had.  I don't know, is this procedure being followed |
| 23 | in all of your other cases in New Jersey? |
| 24 | MR. ATKIN:  We actually have only a few cases |
| 25 | pending before other Magistrate Judges.  We were under orders |

1   to notify them about the outcome of Judge Hillman's decision.
2   And now that we have a protective order that you would have
3   approved of, I think we're going to suggest to all the
4   opposing counsel in those matters that that is something that
5   has been approved by Your Honor here.
6           We're certainly willing to suggest it to those
7   Magistrate Judges and, you know, if they wanted to add extra
8   provisions onto it, that would be something, too, that we
9   would obviously entertain.  But I'm not sure what those other
10  opposing counsel will decide or how they want to proceed, if
11  they want to continue with their motions to quash.
12          THE COURT:  Yes.  Or the Judges in those cases.  I'm
13  not sure -- it certainly would make it easier if the same
14  thing is done in every case, right?
15          MR. BANDLOW:  Yes.  We have reason to believe
16  they're waiting to just sort of see your order and will
17  probably -- likely will follow it.  So it should get into line
18  real easily after this.
19          THE COURT:  Okay.  Well, not my order -- Judge
20  Hillman's order, right?
21          MR. BANDLOW:  Well, with -- now, with your signature
22  on it, absolutely.
23          THE COURT:  Is the client still filing cases in New
24  Jersey?
25          MR. ATKIN:  We've actually been holding off on

Case 1:18-cv-12585-NLH-JS   Document 43   Filed 09/02/20   Page 11 of 13 PageID: 1593

Colloquy                                11

1  filing cases while we waited the outcome of this because,
2  obviously, if it came out the other way, we did not want to
3  have hundreds of cases that we would then have to withdraw.
4            THE COURT:  Okay.  Well, lucky us, we'll get more
5  cases, right?
6            MR. BANDLOW:  We'll try to -- to not overwhelm as we
7  typically try not to do.
8            THE COURT:  Yes.  Well, you won't have -- gentlemen,
9  like I've said before, you know, you've been thoroughly
10 professional during this matter.  I congratulate you on
11 getting the result you wanted.
12           I disagree with it, but I'm going to faithfully
13 follow Judge Hillman's ruling.  And you gentlemen have been,
14 as well as your client, have been -- and I said it in writing
15 -- thoroughly professional.
16           So I wish good luck to you.  You're not going to
17 have me to kick around much any more.  I'm retiring from the
18 Bench in January.  So you'll have to deal with my successor,
19 whoever that may be.
20            But in terms of these cases, like I said, either the
21 same day or more than likely the day after, I'll sign the
22 orders.  My Clerk is great.  She'll enter them, and we'll do
23 what we have to do.  All right?
24           MR. BANDLOW:  Thank you very much, Your Honor.
25 You've been extremely courteous through the whole process as

1 | well, and we thank you very much for that.
2 |       MR. ATKIN:  Thank you, Your Honor.
3 |       THE COURT:  Good luck and I look forward to seeing
4 | those documents on the file.  Thank you, counsel.  We're
5 | adjourned.
6 |       MR. BANDLOW:  Thank you.
7 |       MR. ATKIN:  Have a good day.
8 |       (The telephone conference concluded at 3:41 p.m.)
9 |       * * *

**C E R T I F I C A T I O N**

    I, Lois A. Vitarelli, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

    /s/Lois A. Vitarelli     September 2, 2020

LOIS A. VITARELLI

DIANA DOMAN TRANSCRIBING, LLC